IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ALYSHA SCRIBER,

        Plaintiff,

v.

COLETTE PETERS, *Oregon Department of Corrections (ODOC) Director*; BRIAN BELLEQUE, *ODOC Deputy Director* (*former*); ROB PERSSON, *Superintendent CCCF* (*former*); HEIDI STEWARD, *ODOC Deputy Director, Superintendent CCCF* (*former*); JASON BATTIN, *ODOC Correctional Officer*; JOHN/JANE DOE, *Assistant Superintendent of Security* (*CCCF*); JOHN/JANE DOE 1-10, *Security staff*; JOHN/JANE DOE 11-20, *ODOC/CCCF Correctional Officers*; JOHN/JANE DOE 21-30, *ODOC/SIU Investigators*; JOHN/JANE DOE 31-40; *Supervisory staff*; OREGON DEPARTMENT OF CORRECTIONS *and the* STATE OF OREGON, *each sued in their individual and official capacities*,

        Defendants.

No. 3:21-cv-00858-AR

ORDER

1 - ORDER

HERNÁNDEZ, District Judge:

Magistrate Judge Armistead issued a Findings and Recommendation on March 24, 2023, in which he recommends that this Court deny Defendants' Motion for Summary Judgment. F&R, ECF 56. The matter is now before the Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b).

Defendants filed timely objections to the Magistrate Judge's Findings and Recommendation. Def. Obj., ECF 58, 60. When any party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1); *Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

Judge Armistead recommends denying Defendants' Motion for Summary Judgment because material issues of fact remain on when Plaintiff's causes of action accrued and thus on whether Plaintiff's claims are barred by the two-year statute of limitations. Defendants assert that Plaintiffs' claims accrued no later than February 4, 2015, when she was released from custody and her relationship with Defendant Battin ended. F&R 14. Plaintiff asserts that her claims accrued on February 1, 2021, when she was introduced to the concept of "grooming" a victim for sexual abuse. *Id.* at 9. Defendant Battin argues that Judge Armistead applied a subjective standard rather than an objective standard in applying the discovery rule. Def. Battin Obj. 2, ECF 58. Defendant Battin asserts that an objectively reasonable person in Plaintiff's position would have discovered her claims more than two years before Plaintiff filed suit. *Id.* The State Defendants join in this objection. State Def. Obj. 2, ECF 60. The State Defendants argue that even if Plaintiff had not yet discovered the extent of her psychological injuries by February 2015,

her cause of action still accrued more than two years before she filed suit in June 2021. *Id.* at 3. After considering Defendants' objections and reviewing the pertinent portions of the record *de novo*, the Court adopts the F&R in part and declines to adopt it in part.

Judge Armistead correctly stated that under both Oregon law and federal law, a "discovery" rule applies to determine the accrual date of limitations periods. F&R 13-14, 23-24. Under both state and federal law, the court conducts an objective inquiry to determine when the plaintiff knew or reasonably should have known that he or she had a cause of action. *Id.* Judge Armistead correctly laid out the standards for both state and federal claims. *Id.*

For Plaintiff's state-law claims, Judge Armistead found that genuine disputes of material fact exist as to when Plaintiff (1) discovered that she was harmed, (2) learned that Defendants' conduct caused the harm, and (3) learned that Defendants' actions were tortious. *Id.* at 14-22. The Court concludes there is only a material dispute on the third element. The record shows that more than two years before she filed suit, Plaintiff knew that she was harmed and that Defendants caused the harm. Plaintiff reported to a counselor in November 2018 that she had flashbacks and intrusive thoughts about her relationship with Defendant Battin. Scriber Decl. ¶ 16, ECF 32-4. Plaintiff stated that the flashbacks included "flashbacks about cleaning myself up in the guards' bathroom" after engaging in sexual acts with Defendant Battin. *Id.* She stated, "I was disgusted with myself for letting myself get into another bad relationship. I was embarrassed about the relationship." *Id.* She also knew that other Corrections officers had seen the relationship and did nothing to intervene. *Id.* ¶ 14. Thus, more than two years before she filed suit in June 2021, Plaintiff was aware of mental and emotional harm she had suffered because of the relationship. While Plaintiff may not have fully understood the nature or scope of that harm until the theory of grooming was explained to her, she did not need to know the full extent of her

3 - ORDER

harm for her cause of action to accrue. *Doe 1 v. Lake Oswego Sch. Dist.*, 353 Or. 321, 335, 297 P.3d 1287 (2013). *See also Doe v. Am. Red Cross*, 322 Or. 502, 512, 910 P.2d 364 (1996) (holding that there was no genuine dispute of material fact as to whether the plaintiff was aware of a substantial possibility that he had suffered harm where he knew that he was HIV-positive, even though he had not yet developed AIDS).

As for causation, no reasonable jury could conclude that Plaintiff did not recognize a causal link between her sexual relationship with Defendant Battin and intrusive thoughts about that relationship or flashbacks to that relationship. This case is unlike *Jasmin v. Ross*, 177 Or. App. 210, 216, 33 P.3d 725 (2001). In *Jasmin*, the Oregon Court of Appeals found that the plaintiff had not yet connected the sexual abuse she suffered as a child with her current problems of depression and angry outbursts. *Id.* Here, Plaintiff spoke to a therapist in November 2018 about intrusive thoughts from the sexual relationship and flashbacks to the sexual relationship, which are themselves harm and which Plaintiff could not reasonably believe were not caused by the relationship. Plaintiff may have been confused about the nature of the relationship, i.e., whether it was a consensual romantic relationship or not, but not whether the relationship had caused her harm.

There is, however, a material dispute as to when Plaintiff knew or reasonably should have known that Defendants' conduct was tortious. Judge Armistead found that there was a material dispute over whether Defendant Battin's grooming of Plaintiff prevented her from learning that the relationship was tortious. F&R 21. Oregon courts have previously held that grooming of a vulnerable plaintiff may delay discovery of a cause of action for battery because the plaintiff does not yet know that the sexual touching is offensive. *Doe 1 v. Lake Oswego Sch. Dist.*, 353 Or. 321, 297 P.3d 1287 (2013) (grooming of fifth graders by teacher); *Skille v. Martinez*, 288 Or.

4 - ORDER

App. 207, 406 P.3d 126, *opinion adhered to as modified on reconsideration*, 289 Or. App. 637, 407 P.3d 998 (2017) (grooming of resident of Oregon State Hospital by staff member). Plaintiff has provided evidence that Defendant Battin groomed her. *See* F&R 4-5. In light of the alleged grooming and the custodial relationship, it is for a jury to determine when Plaintiff knew or should have known that the sexual relationship was tortious rather than a consensual romantic relationship.[1] This material issue of fact applies to Plaintiff's sexual battery claim and her negligence claims.[2] If Plaintiff did not know and reasonably should not have known that Defendant Battin's conduct was tortious until February 2021, it follows that she did not know and reasonably should not have known until then that the State Defendants failed to respond appropriately to that conduct. In sum, there is a genuine dispute of material fact as to whether Plaintiff's state-law claims were timely filed. The Court turns to Plaintiff's federal claims.

Federal law on the discovery rule differs from Oregon law. Under federal law, the cause of action accrues "when the plaintiff knows or has reason to know of the actual injury" and the cause of the injury; the plaintiff need not know the legal injury. *Lukovsky v. City & Cnty. of San Francisco*, 535 F.3d 1044, 1051 (9th Cir. 2008) (holding that the plaintiffs' claims for

---

[1] Defendant Battin objects to the F&R's treatment of the Prison Rape Elimination Act ("PREA"). Def. Battin Obj. 11-12. Judge Armistead relied in part on Plaintiff's statement that while she was given some information about PREA in prison, she understood PREA to address only inmate-on-inmate sexual assault. F&R 28 n.13. Defendant Battin argues that Plaintiff's subjective understanding of PREA is irrelevant because "any reasonably prudent person could have read ODOC's PREA policy and quickly determined that sexual contact between staff and AIC's is a PREA violation." Def. Battin Obj. 11. This argument is one for the jury to consider in determining whether Plaintiff was reasonably diligent in investigating her claim under the circumstances.

[2] Defendant Battin argues that *Doe 1* and *Skille* do not lay out the appropriate test for accrual of negligence claims (Plaintiff's sixth and eighth claims) because they address accrual of intentional tort claims. Def. Battin Obj. 4-5 (citing *Duyck v. Tualatin Valley Irr. Dist.*, 304 Or. 151, 163, 742 P.2d 1176 (1987)). But the Oregon Supreme Court has recognized that the three-prong discovery rule test applies to negligence claims. *Doe v. Am. Red Cross*, 322 Or. at 514.

5 - ORDER

discriminatory hiring accrued when they received notice that they would not be hired, not when they learned that the failure to hire had an allegedly discriminatory motive). The analysis of harm and causation for Plaintiff's state-law claims applies equally to the federal claims. Plaintiff was aware of her injury and its cause more than two years before she filed suit, and she need not be aware of the full extent of the harm for her cause of action to accrue. *Wallace v. Kato*, 549 U.S. 384, 391 (2007); *Doe v. Cnty. of Josephine*, No. 1:12-CV-2080-CL, 2015 WL 2412181, at *3 (D. Or. May 18, 2015) (holding that sexual abuse claims were time-barred where the plaintiffs were aware of harm as children but became aware of additional psychological symptoms as adults), *aff'd sub nom. Doe, 7 v. Josephine Cnty.*, 697 F. App'x 567 (9th Cir. 2017).

      Ninth Circuit caselaw addressing the "transference phenomenon" in patient-therapist sexual abuse cases does not support the conclusion that Plaintiff's cause of action did not accrue until she understood that Defendant Battin's treatment of her constituted "grooming." In the context of sexual abuse of patients by therapists, the Ninth Circuit has held that recognition of the "transference phenomenon" that occurs between patients and therapists may trigger accrual of claims of sexual abuse against the therapist. *Simmons v. United States*, 805 F.2d 1363, 1367 (9th Cir. 1986) (holding that the plaintiff's negligence claim did not accrue until she understood that her therapist's mishandling of the "transference phenomenon" caused her emotional trauma); *Gregg v. Hawaii, Dep't of Pub. Safety*, 870 F.3d 883, 885 (9th Cir. 2017) (remanding to permit leave to amend complaint consistent with *Simmons* where the plaintiff alleged emotional injury arising from participation in sexual shame therapy sessions). These cases are unique to the therapy context. *See Gregg*, 870 F.3d at 888-89 ("We discussed [in *Simmons*] a number of reasons why, in the therapy context, it may be reasonable for a patient to first discover her injuries long after the events that caused them."). The relationship between a corrections officer

6 - ORDER

and an inmate is not analogous to a therapist-patient relationship, so *Simmons* and its progeny do not apply. Under federal law, Plaintiff's cause of action accrued by November 2018 at the latest, and her federal claims are time-barred.

## CONCLUSION

The Court adopts in part and declines to adopt in part Magistrate Judge Armistead's Findings and Recommendation [56]. Therefore, Defendants' Motion for Summary Judgment [7] is GRANTED with respect to Plaintiff's federal claims, and DENIED with respect to Plaintiff's state-law claims.

IT IS SO ORDERED.

DATED: _____June 18, 2023\_\_\_\_\_.

*Marco Hernández*
MARCO A. HERNÁNDEZ
United States District Judge